**Case No. 16-1967**

─────────────

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

──────────────

MICHELLE TROTTER,
Plaintiff-Appellant,

v.

7R HOLDINGS, LLC, LUIS A. RUBI GONZALEZ, M/Y OLGA
Defendants-Respondents

─────────────────────

Appeal from United States District Court of the Virgin Islands, St. Thomas
Civil Case No. 3:14-cv-0099 CVG RM
(Honorable Curtis V. Gomez)

─────────────────────

**JOINT APPENDIX**
**Volume I (JA00001 - JA000025)**

─────────────────────

Thomas F. Friedberg, Esq. (VI Bar No. 1006)
Sarah L. Bunge, Esq. (VI Bar 1014)
**LAW OFFICES OF FRIEDBERG & BUNGE**
610 West Ash Street, Suite 1400
P.O. Box 6814
San Diego, CA 92166-0814
Telephone: (619) 557-0101
Attorneys for Plaintiff and Appellant,
MICHELLE TROTTER

# TABLE OF CONTENTS

**Volume I**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA000001 to JA000025**

**Volume II**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA000026 – JA000225**

## VOLUME I

Notice of Appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA000001

Judgment by the Hon. Curtis J. Gomez. . . . . . . . . . . . . . . . . . . . . . . . JA000003

Memorandum Opinion by the Hon. Curtis J. Gomez. . . . . . . . . . . . . . JA000005

## VOLUME II

Docket of the District Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA000026

Complaint for Damages. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA000029

Motion to Dismiss for Forum *Non Conveniens*. . . . . . . . . . . . . . . . . . JA000036

Affidavit of Luis A. Rubi. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA000054

Affidavit of Captain Bernard Calot. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA000056

Affidavit of Andrew M. Thorp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA000059

Opposition to Motion to Dismiss for Forum *Non Conveniens*. . . . . . . . JA000119

Declaration of Michelle Trotter in Opposition to Motion
   To Dismiss for Forum *Non Conveniens*. . . . . . . . . . . . . . . . . . . . . . JA000140

Notice of Request for Judicial Notice in Support of Opposition
   To Motion to Dismiss for Forum *Non Conveniens*. . . . . . . . . . . . . . JA000145

Defendants' Reply to Plaintiff's Opposition to Defendants' Motion
   To Dismiss for Forum *Non Conveniens*. . . . . . . . . . . . . . . . . . . . . . JA000161

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

MICHELLE TROTTER,

        Plaintiff,

    v.

7R HOLDINGS, LLC, LUIS A. RUBI GONZALEZ, M/Y OLGA,

        Defendants.

CIVIL CASE NO.  3:14-cv-0099-CVG-RM

**JURY TRIAL DEMANDED**

**Action Filed : November 19, 2014**

## NOTICE OF APPEAL

Plaintiff MICHELLE TROTTER, through her attorney, hereby appeal to the United States Court of Appeal for the Third Circuit from the judgment of dismissal for *forum non conveniens* in favor of Defendants, 7R HOLDINGS, LLC, LUIS A. RUBI GONZALEZ, M/Y OLGA, dated March 30, 2016. (Doc. 20), including but not limited to the Memorandum Opinion setting forth the basis for the Court's Order of Dismissal. (Doc. 19).

Dated : April 17, 2016

**LAW OFFICES OF FRIEDBERG & BUNGE**

By: *s/ THOMAS F. FRIEDBERG, ESQ.*
THOMAS F. FRIEDBERG, ESQ. (VI#1006)
Attorneys for Plaintiff, MICHELLE TROTTER
610 West Ash Street, Suite 1400,  P.O. Box 6814
San Diego, California 92101
TEL : (619)557-0101FAX:  (619)557-0560
"tom@lawofficefb.com"

Trotter v. 7R Holdings, et al.      NOTICE OF APPEAL      3:14-cv-0099 CVG-RM

**JA000001**

1      **CERTIFICATE OF SERVICE**

2          The undersigned hereby certifies that a true and exact copy of the foregoing **NOTICE OF**

3      **APPEAL** was served on the 17th day of April 2016, by causing this document to be filed with the

4      CM/ECF system which will deliver notice to the following:

5      JENNIFER Q. MILLER, ESQ. (VI#1109)
       KELLY CHARLES-COLLINS
6      **HAMILTON, MILLER & BIRTHISEL, LLP**
       50 Southeast Second Avenue, Suite 1200
7      Miami, Florida 33131
       TEL : (305) 379-3686
8      FAX: (305) 379-3690
       "jmiller@hamiltonmillerlaw.com"
9

10

11

12                                      _s/THOMAS F. FRIEDBERG, ESQ._
                                        Attorneys for Plaintiff, MICHELLE
13                                      TROTTER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JA000002**

**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| MICHELLE TROTTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2014-99 |
| | ) | |
| 7R HOLDINGS, LLC, LUIS A. RUBI | ) | |
| GONZALEZ, M/Y OLGA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ATTORNEYS:**

**Thomas F. Friedberg, Esq.**
Law Offices of Friedberg & Bunge
San Diego, CA
    *For the plaintiff,*

**Jennifer Quildon Miller, Esq.**
Hanilton, Miller & Birthisel, LLP
Miami, FL
    *For the defendants.*

## JUDGMENT

**GÓMEZ, J.**

Before the Court is the motion of the defendants 7R

Holdings, LLC, M/Y Olga, and Luis A. Rubi Gonzalez (collectively

the "defendants") to dismiss this case for *forum non conveniens*.

For the reasons articulated in the Memorandum Opinion of

even date, it is hereby

*Trotter v. 7R Holdings, LLC*
Civil No. 14-99
Page 2

     **ORDERED** that 7R Holdings, LLC; M/Y Olga; and Luis A. Rubi

Gonzalez's Motion to Dismiss is **GRANTED**; it is further

     **ORDERED** that the Complaint is **DISMISSED**; it is further

     **ORDERED** that the Clerk of Court shall **CLOSE** this case.


                      S\_____
                         **Curtis V. Gómez**
                         **District Judge**

DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

MICHELLE TROTTER,                          )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )     Civil No. 2014-99
                                           )
7R HOLDINGS, LLC, LUIS A. RUBI             )
GONZALEZ, M/Y OLGA,                        )
                                           )
                    Defendants.            )
                                           )

ATTORNEYS:

**Thomas F. Friedberg, Esq.**
Law Offices of Friedberg & Bunge
San Diego, CA
          *For the plaintiff,*

**Jennifer Quildon Miller, Esq.**
Hanilton, Miller & Birthisel, LLP
Miami, FL
          *For the defendants.*

## MEMORANDUM OPINION

**GÓMEZ, J.**

        Before the Court is the motion of the defendants 7R
Holdings, LLC, M/Y Olga, and Luis A. Rubi Gonzalez (collectively
the "defendants") to dismiss this case for *forum non conveniens*.

### I.    FACTUAL AND PROCEDURAL HISTORY

        The M/Y Olga (the "Olga"), is a yacht that is owned and
operated by 7R Charters Limited.  The Olga is registered in the
British Virgin Islands ("BVI").  7R Charters Limited is held by
7R Holdings, LLC ("7R Holdings").  Luis A. Rubi Gonzalez
("Gonzalez") is a director of 7R Charters Limited.

        Michelle Trotter ("Trotter") was hired to serve as a chef

JA000005

on the Olga. Trotter flew to St. Thomas, United States Virgin Islands, on December 19, 2012.  The Olga was docked in St. Thomas at that time for provisioning.  The Olga moved to Scrub Island, BVI, on December 24, 2012.  Trotter also went to Scrub Island at that time.  On December 26, 2012, while the Olga was docked at Scrub Island, Trotter descended a set of stairs and fell, suffering injuries.[1]  Trotter alleges that the stairs she fell down had uneven rises and runs and lacked a handrail.

The defendants assert that, thereafter, Trotter was transported to Peebles Hospital in Tortola, BVI, and was treated for her injuries. The defendants state that Patricio Ramirez, a deckhand on the Olga, accompanied Trotter to the hospital.

On December 28, 2012, the Olga, along with her crew and passengers, returned to the United States Virgin Islands. The next day, Trotter disembarked and boarded a flight to Florida. Once in Florida, Trotter received additional medical attention. Trotter asserts that she was injured "in all parts of her body" and "sustained shock and injury to nervousness [sic] system and person[.]" *Compl.* ¶ 19.

Trotter filed a complaint in this matter on November 19, 2014.  In her complaint, Trotter asserts claims under the Jones Act, 46 U.S.C. § 30104, for: (1) unseaworthiness; (2)

---

[1] It is currently unclear to the Court where exactly the stairs were located. The record does not reflect whether the stairs were a part of the dock, an extension of the Olga, or on the shore.

negligence; and (3) maintenance and cure. The defendants appeared and filed a motion to dismiss for *forum non conveniens*. The defendants assert that the appropriate forum for this matter is the BVI, where the injury occurred. Trotter opposes the motion.

## II. <u>DISCUSSION</u>

According to the doctrine of *forum non conveniens,* a district court has the discretion to dismiss a case when: "(1) an alternative forum has jurisdiction to hear the case; and (2) when trial in the plaintiff's chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to the plaintiff's convenience, or when the chosen forum is inappropriate due to the court's own administrative and legal problems." *Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 160 (3d Cir. 2010). When jurisdiction exists, a plaintiff's choice of forum "is normally due considerable deference" and "'should rarely be disturbed.'" *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 608-09 (3d Cir. 1991) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 255- 56 (1981)). "[D]ismissal for *forum non conveniens* is the exception rather than the rule," *id.* at 609 (quoting *Lacey v. Cessna*

*Aircraft* Co., 862 F.2d 38, 45-46 (3d Cir. 1988)(*Lacey I* )),
and "the defendant bears the burden of persuasion on all
elements of the *forum non conveniens* analysis." *Id.*  Courts
often decide the issue of *forum non conveniens* based only on
affidavits submitted by the parties; "extensive
investigation" is unnecessary and would "defeat the purpose"
of such a motion. *See Piper Aircraft Co. v. Reyno*, 454 U.S.
235, 258 (1981).

## III. <u>ANALYSIS</u>

When considering a motion to dismiss for *forum non
conveniens* a Court must undertake a three-step inquiry.  The
Court must (1) determine whether there is an adequate
alternative forum; (2) determine the appropriate level of
deference to give the plaintiff's choice of forum; and (3)
balance the relevant public and private interest factors.
*Eurofins Pharma*, 623 F.3d at 160.  In conducting this
analysis, courts assess a "range of considerations, most
notably the convenience to the parties and the practical
difficulties that can attend the adjudication of a dispute in
a certain locality." *Sinochem Int'l Co. Ltd. v. Malaysia
Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007)(quoting
*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723
(1996))(quotation marks omitted).  The Court will address

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 5

each factor in turn.

## 1. Adequate Alternative Forum

The first step in the *forum non conveniens* inquiry is
to determine whether there is an adequate alternative
forum. See *id.* "Ordinarily, this requirement will be
satisfied when the defendant is 'amenable to process' in
the other jurisdiction." *Piper Aircraft,* 454 U.S. at 254
n.22 (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501,
506-07 (1947)). A forum may be deemed an inadequate
alternative under those "rare circumstances ... where the
remedy offered by the other forum is clearly
unsatisfactory." *Id.* For example, a forum is inadequate
"where the alternative forum does not permit litigation of
the subject matter of the dispute," *id.,* or "[w]here a
plaintiff cannot access evidence essential to prove a
claim." *See Eurofins Pharma*, 623 F.3d at 161 n.14. If the
proposed alternative forum is inadequate, it would be
improper to dismiss the case for *forum non conveniens. See
Piper Aircraft,* 454 U.S. at 254 n.22.

The defendants have proposed the BVI as an
adequate alternative forum. The defendants also have
stipulated that they will submit themselves to the
jurisdiction of the BVI courts. *See* ECF 18 at 3-4; ECF
12-3 at 4.

The courts of the BVI are part of the court system of

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 6

the Eastern Caribbean Supreme Court (the "ECSC"). British
Virgin Islands Const. ¶ 89-90. The ECSC is an international
judicial system which operates in several Caribbean
countries. Broadly speaking, the ECSC is bipartite in
structure. There are trial courts, known as "High Courts of
Justice," in each country, and a single "Court of Appeal,"
which hears appeals from the High Courts. *See* ECSC Civ.
Procedure Rule 39.1-39.7; 62.1 [hereinafter ECSC Civ. P.R.].
The ECSC Civil Procedure Rules provide for substantial
discovery rights, and permit the High Courts to compel
disclosure of documents by court order. ECSC Civ. P.R. 28.1-
28.18. Parties are entitled to obtain "information about any
matter which is in dispute in the proceedings." ECSC Civ. P.R.
34.1(1). The Rules also provide means by which the parties
may compel the attendance of witnesses at trial. ECSC Civ. P.
R. 33.2. Parties may also compel the attendance of witnesses
at depositions, with leave of the High Court. ECSC Civ. P. R.
33.7.

Trials before the High Courts are held in public, and
written transcripts of the proceedings are made. *See* ECSC
Civ. P. R. 29.2; 62.12(3). The primary form of adducing
evidence at trial is by live testimony, although the Rules
give courts substantial discretion to accept evidence by

way of documents, experts, and by other means if witnesses
are unavailable. ECSC Civ. P. R. 29.2(2)(a), 31.1, 32.1,
33.14-33.15.

Upon obtaining a money judgment, a party may enforce it
in several ways, including by a writ of execution or by
attachment. ECSC Civ. P. R. 45.2, 46.1, 50.2. A judgment of
the High Court may be appealed as a matter of right to the
Court of Appeals. ECSC CIV. P. R. 62.4(1).

The jurisdiction of the ECSC extends to all individuals
residing or doing business in the BVI. *IPOC Int'l Growth Fund
v. LV Finance Grp. Ltd.*, [2005] Civ. App. Nos. 20 of 2003 and
1 of 2004 at 12-13 [¶ 27(iii)](British Virgin Islands)("the
court will look to what is the 'natural forum'. . . that
which the action has the most real and substantial
connection.")(internal citations omitted); *see also* ECSC Civ.
P. R. 7.3(4)(providing for "service out" when a "claim in
tort is made and the act causing the damage was committed
within the jurisdiction or the damage was sustained within
the jurisdiction."). The ECSC has adopted the common law of
the United Kingdom, and recognizes the claim of negligence as
well as the common-law defenses to it. *See Frett- Henry v.
Tortola Concrete Ltd.*, [2011] Civ. App. No. 24 of 2008
(British Virgin Islands)(interpreting negligence and defense

of contributory negligence under the common law).

All three defendants assert that the BVI is an adequate
alternative forum.  To that end, they direct the Court to
their amenability to process and trial in the BVI. *See* ECF
12 at 2; ECF 12-3 at 4; ECF 18 at 3-4.  The defendants also
note the similarities between judicial processes in the BVI
and the United States.  It further appears that the judicial
system of the British Virgin Islands would recognize
Trotter's negligence claim.  Ordinarily, this would suffice
to show that the BVI was an adequate alternative forum. *See
Piper Aircraft, 454 U.S. at 255*  n.22.

Notwithstanding those circumstances, Trotter asserts
that the BVI is not an adequate forum because: BVI courts
are not obligated to apply the Jones Act to maritime claims
and a jury trial would be unavailable.

**a. Applicability of the Jones Act**

Trotter asserts that the first reason why the BVI is an
inadequate alternative forum is that the Jones Act will be
unavailable to her.  The Supreme Court has held that the
"possibility of an unfavorable change in law should not, by
itself, bar dismissal." *Piper Aircraft Co.*, 454 U.S. at 238;
*see also In re Factor VIII or IX Concentrate Blood Prods.
Litig.*, 484 F.3d 951, 957 (7th Cir. 2007)("[L]aw in the

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 9

United Kingdom need not be identical to U.S. law, or even as favorable to plaintiffs as U.S. law may be."); *Alcoa S.S. Co., Inc. v. M/V Nordic Regent*, 654 F.2d 147, 159 (2d Cir. 1980)(holding that inadequacy of alternative forum was not established by prospect of lesser recovery). While perhaps less favorable to the plaintiff, a less favorable law regarding liability and damages does not make a foreign court inadequate. *See Piper Aircraft Co.*, 454 U.S. at 238, 247 (holding that "[t]he Court of Appeals erred in holding that plaintiffs may defeat a motion to dismiss on the ground of *forum non conveniens* merely by showing that the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum.").

**b. Lack of a Jury Trial**

Trotter asserts that the second reason why the BVI is an inadequate alternative forum is that a jury trial will be unavailable to her. In a *forum non conveniens* analysis, it is well settled that "'some inconvenience or the unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate.'" *Borden, Inc. v. Meiji Milk Prods. Co., Ltd.*, 919 F.2d 822, 829 (2d Cir. 1990)

(quoting *Shields v. Mi Ryung Constr. Co.*, 508 F. Supp. 891,

895 (S.D.N.Y. 1981)); *see also Alcoa S.S. Co., Inc.*, 654 F.2d

at 159(holding that inadequacy of alternative forum was not

established by prospect of lesser recovery); *Blanco v. Blanco*

*Indus. de Venezuela, S.A.*, 997 F.2d 974, 981–82 (2d Cir.

1993)(holding that general "systemic deficiencies" in

Venezuela judicial system, hostility to foreign suitors, and

public unrest did not render Venezuela inadequate alternative

forum).  While perhaps inconvenient, the lack of a jury does

not make a foreign court inadequate. *See, e.g.*, *Lockman*

*Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768

(9th Cir. 1991)(holding that lack of trial by jury does not

render Japan inadequate forum).

## 2. Deference Due to Plaintiff's Choice of Forum

The second consideration that the Court must address

is the appropriate level of deference that must be given to

Trotter's choice of forum.  "Ordinarily, great deference is

accorded a plaintiff's choice of forum, but the amount of

deference due is less when the plaintiff is foreign." *Lony*

*v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 633 (3d

Cir. 1989)(citing  *Piper Aircraft,* 454 U.S. at 255.)  *Where*

the plaintiff is an American citizen, his "'home forum' ...

is a United States court...." *Guidi v. Inter–Continental*

*Hotels Corp.*, 224 F.3d 142, 146 (2d Cir. 2000). The particular state where an American plaintiff resides is not relevant to the *forum non conveniens* analysis when the alternative forum is a foreign court. *Id.* at 146. n.4 (holding that, when American plaintiffs sue foreign defendant, "the states where Plaintiffs reside are not relevant to the *forum non conveniens* analysis in this case."); *Reid-Walen v. Hansen,* 933 F.2d 1390, 1394 (8th Cir. 1991)*(in* a *forum non conveniens* case involving a foreign court, "the 'home forum' for the plaintiff is any federal district in the United States, not the particular district where the plaintiff lives.").

By choosing to litigate in a United States court, Trotter, as an American citizen, has chosen her "home forum." As such, her choice is entitled to "great deference," *Lony,* 886 F.2d at 633. "[A] strong presumption of convenience", *Windt v. Qwest Commc'ns Int'l, Inc.,* 529 F.3d 183, 190 (3d Cir. 2008)*,* thus exists in favor of Trotter's choice of forum. "[T]his presumption may only be overcome when the balance of the public and private factors clearly favors an alternate forum." *Id.*

## 3. Balance of Public and Private Interests

To determine whether Trotter's choice of forum may be overcome, the Court must balance "the relevant public and

private interest factors." *Eurofins Pharma,* 623 F.3d at 160.

"If the balance of these factors indicates that trial in the

chosen forum would result in oppression or vexation to the

defendant out of all proportion to the plaintiff's

convenience, the district court may, in its discretion,

dismiss the case on *forum non conveniens* grounds." *Id.*

(quotation marks omitted)(quoting *Windt v. Qwest Commc'ns*

*Int'l, Inc.,* 529 F.3d 183, 190 (3d Cir.2008)).  The public

and private interest factors that the court must consider

were enumerated by the Supreme Court in *Gulf Oil Corp. v.*

*Gilbert,* 330 U.S. 501, 508-09 (1947), and *Piper Aircraft Co.*

*v. Reyno,* 454 U.S. 235, 241 & n.6 (1981). *See also Delta Air*

*Lines, Inc. v. Chimet, S.P.A.,* 619 F.3d 288, 296 (3d Cir.

2010).

    The Court must consider private interest factors that

affect the convenience of the litigants, including the

following *Gilbert* factors:

> the relative ease of access to sources of
> proof; availability of compulsory process for
> attendance of unwilling, and the cost of
> obtaining attendance of willing, witnesses;
> possibility of view of premises, if view would
> be appropriate to the action; and all other
> practical problems that make trial of a case
> easy, expeditious and inexpensive.

*Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623

F.3d 147, 161 (3d Cir. 2010)(quoting *Gilbert*, 330 U.S. at

508); *see also Piper Aircraft*, 454 U.S. at 241 & n.6; *Delta*

*Air Lines*, 619 F.3d at 296.

The public interest factors include:

> the administrative difficulties flowing from
> court congestion; the "local interest in
> having localized controversies decided at
> home"; the interest in having the trial of a
> diversity case in a forum that is at home with
> the law that must govern the action; the
> avoidance of unnecessary problems in conflict
> of laws, or in the application of foreign law;
> and the unfairness of burdening citizens in an
> unrelated forum with jury duty.

*Eurofins Pharma*, 623 F.3d at 161-62 (quoting *Piper Aircraft*,

454 U.S. at 241 n.6 (quoting *Gilbert*, 330 U.S. at 509));

*Delta Air Lines*, 619 F.3d at 296.  The *Gilbert* factors are

not exhaustive, and some factors may not be relevant in a

given case. *See Delta Air Lines*, 619 F.3d at 295 (citing *Van*

*Cauwenberghe v. Biard*, 486 U.S. 517, 520 (1988)).  "The

defendant bears the burden of persuasion at each stage in the

analysis, and a district court abuses its discretion if it

fails to hold the defendant to its burden." *Id.*

## A. Private-Interest Factors

The first two *Gilbert* factors concern "the relative ease

of access to sources of proof" and the "availability of

compulsory process for attendance of unwilling, and the cost

of obtaining willing, witnesses...."  *Gilbert,* 330 U.S. at

508.

In *Delta Air Lines, Inc. v. Chimet, S.P.A.,* 619 F.3d 288 (3d Cir. 2010), the dispute centered on a stolen shipment of platinum. The defendant, Chimet, S.P.A. ("Chimet"), arranged for the plaintiff, Delta Air Lines, Inc. ("Delta") to transport 100 kilograms of pure platinum from Milan, Italy, to Philadelphia, Pennsylvania. After the platinum arrived in Philadelphia, but before it reached its ultimate destination, it was stolen. Delta then brought suit in the Eastern District of Pennsylvania, seeking a declaration that it was not liable for the lost platinum. Chimet moved to dismiss on *forum non conveniens* grounds.

*Chimet* contended that the private-interest factors counseled in favor of dismissal in part because "all of the evidence regarding the communications between Chimet and Delta, the meaning of [a disputed contract term], and whatever documentary evidence exists outside of the air waybill [a form contract for shipment services] and delivery receipt is in Italy." *Id.* at 296. Chimet also maintained that it "would need to depose third-party witnesses who reside in Italy, speak only Italian, and are beyond the scope of the Court's subpoena power." *Id.* In support of its claim, Chimet produced an affidavit attesting to the need to obtain testimony from various Italian witnesses and to obtain evidence from various Italian sources.

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 15

The court held that Chimet "met its burden that this evidence may only be obtained in Italy." *Id.* at 299. In so concluding, the court explained that "[a] party seeking to dismiss an action on *forum non conveniens* grounds is not required 'to describe with specificity the evidence they would not be able to obtain if trial were held in the United States.'" *Id.* (quoting *Piper Aircraft,* 454 U.S. at 258). Rather, the defendant 'must provide enough information to enable the District Court to balance the parties' interests.'" *Id.* (quoting *Piper Aircraft,* 454 U.S. at 258, and rejecting the suggestion that "defendants seeking *forum non conveniens* dismissal must submit affidavits identifying the witnesses they would call and the testimony these would provide if the trial were held in the alternative forum," explaining that "[s]uch detail is not necessary.").

**i. Evidence and Eyewitnesses**

The first and second private-interest factors concern "the relative ease of access to sources of proof [and] availability of compulsory process for attendance of unwilling [witnesses]." *Gilbert,* 330 U.S. at 508. Defendants list some potential witnesses who are residents of the BVI. Defendants direct the Court to the affidavit of Captain Bernard Calot ("Calot"). In his affidavit, Calot lists several groups of employees which may have knowledge

of this incident.  Calot believes employees from the Scrub
Island Resort, Spa & Marina (the "resort") may "have
knowledge of the alleged injuries." *Aff. Captain Bernard
Calot* ECF. 12-2 at 2.  The doctors at Peebles Hospital in
BVI, where Trotter was initially treated, will have
information as to Trotter's initial condition and treatment.

It is well established that "foreign nationals are
beyond the court's subpoena power." *Relational, LLC v.
Hodges*, 627 F.3d 668, 673 (7th Cir. 2010).  As such, the
Court would be unable to compel the attendance of the
resort's employees and doctors at Peebles Hospital. *See id*.

As for the potential witnesses from the crew, only one
member of the crew is a citizen of the United States.  The
composition of the rest of the crew consists of two people
who reside in Mexico, one who resides in Thailand, and one
who resides in Canada.  One crew member resides in Florida.

Among all of the potential fact witnesses, none of them
reside in the Virgin Islands and many of them reside in the
BVI.  This factor strongly favors the case being heard in the
BVI.

**ii. Premises**

The third private-interest factor concerns the
"possibility of view of premises, if view[ing] would be
appropriate to the action...." *Gilbert,* 330 U.S. at 508.
Here, Trotter alleges the accident did not occur on any

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 17

premises, but rather at sea.  To the extent the vessel may be
considered "premises," the vessel in question is owned and
operated by a BVI corporation.  Thus, to the extent it is
applicable, this factor counsels in favor of dismissal.

Defendants have stated in an affidavit provided by Calot
that the accident occurred on land at the resort.  One aspect
of the defendant's defense is that Trotter is suing the wrong
defendant and Trotter's fall occurred on the resort's
property.  This factor counsels in favor of dismissal.

### iii. Other Practical Considerations

The Court is also to give due consideration to "all
other practical problems that make trial of a case easy,
expeditious and inexpensive." *Gilbert,* 330 U.S. at 508.
Given none of the parties or witnesses are located in St.
Thomas, both parties would incur significant expenses
carrying out these proceedings in St. Thomas.  Carrying out
these proceedings in the BVI would help to reduce the costs
for the production of witnesses.  Furthermore, if these
proceedings were carried out in St. Thomas, there would be
difficulty in scheduling matters that required the parties'
presence.  The parties would need to come to St. Thomas for
hearings.  If the Court needed to quickly change a date or
time, this would further inconvenience the parties and

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 18

witnesses traveling to St. Thomas.  Whereas there will be
some inconvenience if these proceedings are carried out in
the BVI, the inconvenience would be far greater if the
Court retains this proceeding.  This factor counsels in
favor of dismissal.

**B. Public-Interest Factors**

Defendants also argue that the public interest
factors favor dismissal.

**i. Administrative Difficulties From Court Congestion**

The first factor concerns "the administrative
difficulties flowing from court congestion." *See Eurofins
Pharma*, 623 F.3d at 161-62.  Defendants do not actively argue
this factor is relevant in the current proceeding.  The Court
is also without information regarding the congestion of the
BVI's courts.  The Court is unable to compare the two court
systems.  As such, this factor is neutral.

**ii. Local Law**

The second and third public-interest factors concern
"the interest in having the trial of a diversity case in a
forum that is at home with the law that must govern the
action; [and] the avoidance of unnecessary problems in
conflict of laws, or in the application of foreign law...."
*Eurofins Pharma*, 623 F.3d at 161-62.

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 19

    Here, the Court is uncertain whether United States law or BVI law would apply. However, the Court is mindful of the Supreme Court's warning in *Piper Aircraft Co*. that in a *forum non conviens* analysis, the Court should avoid becoming entangled in a complicated Choice-of-law analysis. *See Piper Aircraft Co.*, 454 U.S. at 263. As the *Piper Court* stated:

> If the possibility of a change in law were given substantial weight, deciding motions to dismiss on the ground of *forum non conveniens* would become quite difficult. Choice-of-law analysis would become extremely important, and the courts would frequently be required to interpret the law of foreign jurisdictions. First, the trial court would have to determine what law would apply if the case were tried in the chosen forum, and what law would apply if the case were tried in the alternative forum. It would then have to compare the rights, remedies, and procedures available under the law that would be applied in each forum. Dismissal would be appropriate only if the court concluded that the law applied by the alternative forum is as favorable to the plaintiff as that of the chosen forum. The doctrine of *forum non conveniens*, however, is designed in part to help courts avoid conducting complex exercises in comparative law. As we stated in *Gilbert*, the public interest factors point towards dismissal where the court would be required to "untangle problems in conflict of laws, and in law foreign to itself." 330 U.S., at 509, 67 S.Ct., at 843.

*Piper Aircraft Co.*, 454 U.S. at 263.

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 20

As such, this Court refrains from attributing much weight to this particular factor because of the uncertainty surrounding it at this time.

### iii. **Jury Duty**

Lastly, the Court is to consider "the unfairness of burdening citizens in an unrelated forum with jury duty." *Eurofins Pharma*, 623 F.3d at 161-62. This action involves an injury sustained in the British Virgin Islands. The only connection that the community of St. Thomas might have to this controversy would flow from Trotter boarding the Olga in St. Thomas. That connection is tenuous at best. It seems uniquely burdensome to require a jury in the United States Virgin Islands to consider foreign evidence and possibly apply foreign law. Thus, the Court finds that this factor counsels in favor of dismissal.

### IV. **Conclusion**

Trotter is a seaman who has brought a claim in her "home" forum. Her choice of forum is entitled to considerable deference. However, all of the relevant conduct in her claim occurred in the BVI. The proof of which will require obtaining evidence and witnesses from the BVI. The BVI has a judicial system capable of addressing those issues. Indeed, this Court expects that the BVI's judiciary would have a keen interest in resolving such a

*Trotter v. 7R Holdings, LLC et al.*
Civil No. 2014-99
Order
Page 21

dispute.  As such, the Court will dismiss this action.

In doing so, the Court is mindful that dismissal is a harsh remedy.  At the same time, the Court cannot ignore the interests of the defendants in avoiding litigation that would be oppressive in this inconvenient forum, as well as the public's interest in allowing localized controversies to be decided locally.  In this case, these interests simply outweigh Trotter's interest in proceeding in the forum of her choice.  Accordingly, this action will be dismissed.

An appropriate Judgment follows.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and exact copy of the foregoing

**JOINT APPENDIX (VOLUMES I and II)** was served on September 1, 2016, by

causing this document to be served through the Court's Electronic Case Filing System

to the following parties and counsel:

JENNIFER Q. MILLER, ESQ. (VI#1109)
KELLY CHARLES-COLLINS, ESQ.
MICHAEL J. DONO, ESQ.
**HAMILTON, MILLER & BIRTHISEL, LLP**
50 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
TEL : (305) 379-3686
FAX: (305) 379-3690
"jmiller@hamiltonmillerlaw.com"
"kcharlescollins@hamiltonmillerlaw.com"
"mdono@hamiltonnillerlaw.com"

The undersigned further certifies that pursuant to L.R.A. 31.1(a), 1 paper copy

of the Joint Appendix was filed with the Clerk of Court for the Third Circuit, 1 paper

copy was file with the Clerk of the District Court of the Virgin Islands and 1 paper

copy was mailed to counsel for Defendants/Appellees.

<u>*s/THOMAS F. FRIEDBERG, ESQ.*</u>
Attorneys for Plaintiff/Appellant.,
MICHELLE TROTTER