No.: 16-1967

————————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————————

MICHELLE TROTTER,

APPELLANT,

V.

7R HOLDINGS, LLC, LUIS A. RUBI GONZALEZ, AND M/Y *OLGA*,

APPELLEES.

————————————

*On Appeal from the United States District Court
for the Virgin Islands
Civil Action No. 3:14-cv-0099
The Honorable Curtis V. Gómez*

————————————

ANSWER BRIEF FOR APPELLEES,
7R HOLDINGS, LLC, LUIS A. RUBI GONZALEZ, AND M/Y *OLGA*

————————————

Jennifer Quildon Miller
V.I. Bar No. 1109
Michael J. Dono
Florida Bar No. 576492
HAMILTON, MILLER & BIRTHISEL, LLP
Attorneys for Appellees
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131

## Corporate Disclosure Statement

Pursuant to Federal Rule of Appellate Procedure 26.1 and Third Circuit Local Rule 26.1.1, 7R Holdings, LLC, certifies it has no parent corporation and no publicly held corporation owns 10 percent or more of an interest in it.

# Table of Contents

Corporate Disclosure Statement.................................................................ii

Table of Citations ........................................................................... v

Statement of Subject Matter and Appellate Jurisdiction.........................1

Statement of Issue for Review ..................................................................1

Related Cases and Proceedings ................................................................1

Statement of the Case ...............................................................................2

Statement of the Facts ..............................................................................2

Summary of the Argument ........................................................................5

Argument ...................................................................................................7

I.    The District Court's dismissal for *forum non conveniens* was not an abuse of its discretion and should be affirmed. ...........................7

    A.    Standard of review. ................................................................7

    B.    The District Court conducted an appropriate *forum non conveniens* analysis. ...............................................8

        1.    Ms. Trotter failed to present to the District Court the analysis that it was first required to conduct a choice of law analysis before proceeding to address the *forum non conveniens* analysis..................................................8

        2.    The District Court was not required to conduct a choice of law analysis in deciding the *forum non conveniens* Motion.........................................................................10

        3.    The law of the BVI applies. ........................................13

C.    The District Court correctly found that the BVI is an adequate alternative forum. ..................................................22

D.    The District Court accorded Trotter's choice of forum considerable deference. ..........................................................24

E.    The District Court acted reasonably in concluding that the private and public interest factors directed dismissal on the basis of *forum non conveniens*. ..............................................27

      1.    The District Court's analysis of the private interest factors was correct. ........................................................27

      2.    The District Court did not abuse its discretion in concluding that, on balance, the public interest factors favored a BVI forum. ....................................................31

F.    The issue is whether Appellees provided the District Court with enough information to balance the parties' interests, not whether their proof was specific, and Trotter has not shown that the District Court did not have enough information. ..........................................................................35

Conclusion...............................................................................................40

Combined Certifications............................................................................41

# Table of Citations

## Cases

*Auxer v. Alcoa, Inc.*,
  406 F. App'x 600 (3d Cir. 2011) ..........................................................28

*Beech v. Hercules Drilling Co., L.L.C.*,
  691 F.3d 566 (5th Cir. 2012) ..............................................................18

*Coats v. Penrod Drilling Corp.*,
  61 F.3d 1113 (5th Cir. 1995) ..............................................................15

*Colon v. Apex Marine Corp.*,
  832 F. Supp. 508 (D.R.I. 1993) ..........................................................19

*Cruz v. Maritime Co. of Philippines*,
  702 F.2d 47 (2d Cir. 1983) .........................................................10, 11

*D'Costa v. U.S. Lines Co.*,
  227 F. Supp. 180 (S.D.N.Y. 1964) .......................................................19

*Dangovich v. Isthmian Lines, Inc.*,
  218 F. Supp. 235 (S.D.N.Y. 1963) .......................................................19

*Deitchman v. E.R. Squibb & Sons, Inc.*,
  740 F.2d 556 (7th Cir. 1984) ..............................................................36

*Delta Air Lines, Inc. v. Chimet, S.p.A.*,
  619 F.3d 288 (3d Cir. 2010) ..........................................................29, 33

*DiRienzo v. Philip Servs. Corp.*,
  232 F.3d 49 (2d Cir. 2000) .................................................................22

*Epling v. M.T. Epling Co.*,
  435 F.2d 732 (6th Cir. 1970) ..............................................................20

v

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA,*
    623 F.3d 147 (3d Cir. 2010) .................................................. 7, 8, 24, 33

*Europe and Overseas Commodity Traders, S.A. v. Banque Paribas London,*
    147 F.3d 118 (2d Cir. 1998) ................................................. 38

*Gulf Oil Corp. v. Gilbert,*
    330 U.S. 501 (1947) ............................................................ 26, 27, 30

*Guthrie v. Lady Jane Collieries, Inc.,*
    722 F.2d 1141 (3d Cir. 1983) ............................................. 14

*Hellenic Lines v. Rhoditis,*
    398 U.S. 306 (1970) ........................................................... 14, 15

*Helvering v. Gowran,*
    302 U.S. 238 (1937) ............................................................ 14

*In re Air Crash Disaster Near New Orleans, La.,*
    821 F.2d 1147 (5th Cir. 1987) ........................................... 12, 38

*Kisano Trade & Invest Ltd. v. Lemster,*
    737 F.3d 869 (3d Cir. 2013) ............................................... 33

*Lauritzen v. Larsen,*
    345 U.S. 571 (1953) ........................................................... 14, 16

*Nicini v. Morra,*
    212 F.3d 798 (3d Cir. 2000) ............................................... 13

*Nicol v. Gulf Fleet Supply Vessels, Inc.,*
    743 F.2d 289 (5th Cir. 1984) ............................................. 11, 12

*Paul v. U.S.,*
    205 F.2d 38 (3d Cir. 1953) ................................................. 19

*Phillips v. Amoco Trinidad Oil Co.,*
   632 F.2d 82 (9th Cir. 1980) .................................................................. 15

*Piper Aircraft Co. v. Reyno,*
   454 U.S. 235 (1981) ......................... 7, 11, 22, 26, 27, 33, 34, 35, 37, 38

*Sanborn v. Postmaster Gen. of U.S.,*
   431 Fed. Appx. 188 (3d Cir. 2011) ............................................. 9, 22, 30

*Saud v. PIA Investments Ltd.,*
   No. 07 CIV. 5603 (NRB), 2007 WL 4457441 (S.D.N.Y. Dec. 14, 2007)
   .................................................................................................................. 23

*Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.,*
   549 U.S. 422 (2007) ................................................................................ 11

*Szumlicz v. Norwegian American Lines, Inc.,*
   698 F.2d 1192 (11th Cir. 1983) ............................................................. 11

*U.S. v. Calderon-Lopez,*
   268 Fed. Appx. 279 (5th Cir. 2008) ...................................................... 31

*U.S. v. Dupree,*
   617 F.3d 724 (3d Cir. 2010) ...................................................... 9, 22, 30

*Van Cauwenberghe v. Biard,*
   486 U.S. 517 (1988) ............................................................. 7, 32, 33, 38

*Vasquez v. YII Shipping Co., Ltd.,*
   No. 11-60248-CIV, 2012 WL 6114840 (S.D. Fla. Dec. 10, 2012)........ 20

*Warn v. M/Y MARIDOME,*
   169 F.3d 625 (9th Cir. 1999)........................................................ 15, 16

*Windt v. Qwest Comms. Int'l, Inc.,*
   529 F.3d 183 (3d Cir. 2008) .................................................. 8, 25, 27, 33

*Zipfel v. Halliburton Co.*,
    832 F.2d 1477 (9th Cir. 1987)....................................................11, 12, 13

## Statutes

46 U.S.C. § 30104..........................................................................................12

## Statement of Subject Matter and
## Appellate Jurisdiction

### District Court's subject-matter jurisdiction

The District Court's jurisdiction over the underlying dispute appears to have been invoked under 28 U.S.C. § 1333.

### Appellate jurisdiction

This is an appeal from a final order of the District Court dismissing the Complaint on the basis of *forum non conveniens*. Final decision was entered on March 30, 2016. Ms. Trotter filed her Notice of Appeal on April 17, 2016. This Court has subject matter jurisdiction under 28 U.S.C. § 1291.

## Statement of Issue for Review

Whether the District Court correctly exercised its discretion in holding Trotter's personal injury claims occurring in a resort in the British Virgin Islands ("BVI") should be dismissed under the doctrine of *forum non conveniens*.

## Related Cases and Proceedings

This case has not been before this Court previously, and Appellees are unaware of any other cases or proceedings in any way related,

1

completed, pending or about to be presented to this Court or any other court or agency.

## Statement of the Case

Michelle Trotter commenced this litigation on November 19, 2014, by filing a complaint in the U.S. Virgin Islands District Court asserting claims for negligence, unseaworthiness, and maintenance and cure. (JA 29-35, Compl.). Appellees moved to dismiss on *forum non conveniens* grounds. (JA 36-118, Mot. to Dismiss). The District Court granted the Motion on March 30, 2016, and found the BVI was the proper forum. (JA 5-25, Op.). Ms. Trotter appealed. (JA 1-2, Notice of Appeal).

## Statement of the Facts

The M/Y *Olga's* Captain, Bernard Calot, hired Trotter to serve as a freelance chef for a 10-day charter sailing out of the BVI. (JA 56, Calot Aff. at ¶7). At Trotter's request, she flew to St. Thomas, U.S. Virgin Islands, and boarded the vessel. (JA 57, Calot Aff. at ¶8). The *Olga* sailed to Scrub Island, BVI, on December 22, 2012, with Trotter aboard. (JA 56, Calot Aff. at ¶9).

Four days later, the *Olga* docked at Scrub Island to pick-up passengers. (JA 225, Calot Aff. at ¶8). Ms. Trotter disembarked the

vessel for personal reasons—her decision to disembark had nothing to do with her employment. (*Id.* at ¶¶7-9). As she descended a set of stairs leading to the Scrub Island Resort, Spa and Marina, she fell, suffering injuries. (JA 224, Calot Aff. at ¶4). The stairs were on the Resort's property and were not an appurtenance of the *Olga* (the alleged injuries were not caused by the vessel or its appurtenances). (JA 224-225, Calot Aff. at ¶¶4-5; 11-12; *see also* Appellant's Br. at 28 (acknowledging she is asserting a claim against Appellees "for a condition on property they do not control"). Ms. Trotter went to Peebles Hospital in Tortola, BVI, and was treated. (JA 57, Calot Aff. at ¶13). Patricio Ramirez, the *Olga's* deckhand and a Mexican resident, accompanied Trotter to the hospital. (*Id.* at ¶11). Ms. Trotter does not allege to have suffered any harm in the U.S.

Any witnesses to Trotter's alleged fall are likely to be employees of the Resort in the BVI. (*Id.* at ¶12). Further, the Peebles Hospital personnel who treated Trotter know of this incident and the treatment administered. (*Id.* at ¶13). There are no known witnesses in the U.S. Virgin Islands. (JA 54, Rubi Aff. at ¶4; JA 57, Calot Aff. at ¶15). Moreover, the *Olga's* crew members have no contacts with the U.S.

3

Virgin Islands and are not subject to the jurisdiction of the U.S. Virgin Islands. (JA 56-57, Calot Aff. at ¶¶6, 11).

The *Olga* is a charter yacht owned and operated by 7R Charters Ltd. (JA 56, Calot Aff. at ¶3). The vessel is registered in the BVI. (JA 54, Rubi Aff. at ¶4; JA 56, Calot Aff. at ¶3). The *Olga* and 7R Charters Limited operate no charters out of or into the U.S. Virgin Islands. (JA 54, Rubi Aff. at ¶5; JA 56, Calot Aff. at ¶4). 7R Charters Ltd. is held by 7R Holdings, LLC. (JA 54, Rubi Aff. at ¶6). 7R Holdings, LLC has no ownership interest in the *Olga*. (JA 54, Rubi Aff. at ¶7; JA 56, Calot Aff. at ¶5). Luis A. Rubi Gonzalez resides in Puerto Rico and is a Director of 7R Holdings, LLC. (JA 54, Rubi Aff. at ¶1).

Appellees moved to dismiss Trotter's Complaint on *forum non conveniens* grounds. (JA 36-118, Mot. to Dismiss). Acknowledging that the plaintiff's choice of forum is generally an important consideration, Appellees argued that all of the other factors relevant to the *forum non conveniens* analysis overwhelmingly supported dismissal in favor of a forum in the BVI. (*Id.*).

In a 21 page order and opinion, the District Court granted Appellees' *forum non conveniens* Motion. (JA 5-25, Op.). After according significant

4

deference to Trotter's choice of forum and balancing the necessary factors, the court concluded,

> Trotter is a seaman who has brought a claim in her "home" forum. Her choice of forum is entitled to considerable deference. However, all of the relevant conduct in her claim occurred in the BVI. The proof of which will require obtaining evidence and witnesses from the BVI. The BVI has a judicial system capable of addressing those issues. Indeed, this Court expects that the BVI's judiciary would have a keen interest in resolving such a dispute. As such, the Court will dismiss this action.

> In doing so, the Court is mindful that dismissal is a harsh remedy. At the same time, the Court cannot ignore the interests of the defendants in avoiding litigation that would be oppressive in this inconvenient forum, as well as the public's interest in allowing localized controversies to be decided locally. In this case, these interests simply outweigh Trotter's interest in proceeding in the forum of her choice. Accordingly, this action will be dismissed.

(JA 24-25, Op.).

This appeal followed.

## Summary of the Argument

The District Court in its comprehensive, factually supported, and well-reasoned opinion correctly held Trotter's suit should be dismissed under the *forum non conveniens* doctrine.

*First*, the District Court explained that it granted Trotter's choice of forum considerable deference but that the balance of conveniences warranted dismissal.

*Second*, the District Court correctly held an entirely adequate forum exists in the BVI, where most witnesses reside, where the alleged injury took place, and where Appellees are amenable to judicial process.

*Third*, the district court properly held the balance of the relevant private interest factors strongly favors dismissal. For starters, the overwhelming majority of the evidence necessary to litigate this case is in the BVI.

*Fourth*, the District Court correctly determined the balance of the relevant public interest factors weighs strongly in favor of dismissal because the facts and circumstances underlying this case demonstrate that the BVI possesses the dominant interest in this claim. After all, Trotter has offered no connection between this case and the U.S. Virgin Islands other than she boarded the vessel there. The local forum has little interest in this dispute.

Because the District Court correctly concluded there is no basis for allowing these claims to proceed in this country under the *forum non*

*conveniens* analysis, this Court should affirm the Order dismissing the Complaint for *forum non conveniens*.

## Argument

**I.    The District Court's dismissal for *forum non conveniens* was not an abuse of its discretion and should be affirmed.**

### A.    Standard of review.

The district court's *forum non convenience* determination is reviewed for an abuse of discretion. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 160 (3d Cir. 2010). "[T]he district court is accorded substantial flexibility in evaluating a *forum non conveniens* motion, and each case turns on its facts." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988) (citation, internal quotation marks and alterations omitted). "[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper*, 454 U.S. at 257. An appellate court should not "substitute[] its own judgment" for that of the trial court. *Id.*

**B.     The District Court conducted an appropriate *forum non conveniens* analysis.**

A district court, in its discretion, may dismiss a complaint under the doctrine of *forum non conveniens* where: (a) an alternative forum has jurisdiction to hear the case; and (b) a trial in the plaintiff's chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to the plaintiff's convenience, or when the chosen forum is inappropriate due to the court's own administrative and legal problems. *See Eurofins*, 623 F.3d at 160. A district court's discretion is to be guided by a three-step analysis: (1) availability of an adequate alternative forum to hear the case; (2) appropriate level of deference to be given to the plaintiff's choice of forum; and (3) a balancing of the relevant public and private interest factors. *See Windt v. Qwest Comms. Int'l, Inc.*, 529 F.3d 183, 189-90 (3d Cir. 2008).

**1.     Ms. Trotter failed to present to the District Court the analysis that it was first required to conduct a choice of law analysis before proceeding to address the *forum non conveniens* analysis.**

In her Opening Brief, Trotter has raised a new argument for the first time on appeal. She asserts the District Court needed to conduct a choice of law analysis *before* deciding whether the case should be

8

dismissed on *forum non conveniens* grounds. (Appellant's Br. at pp. 10-24). Specifically, Trotter argues that courts must first determine under choice of law principles whether U.S. or foreign law applies, and if U.S. law applies, then the case cannot be dismissed for *forum non conveniens*. Although Trotter presented a choice of law argument in her Opposition to the Motion to Dismiss, she did so within the context of arguing that the public interest factors weighed heavily in her favor . (JA 131, Opp'n to Mot. to Dismiss). Ms. Trotter began her argument in opposition to dismissal: "In considering whether dismissal pursuant to forum *non conveniens* is proper, the court must first determine whether an appropriate alternative forum exists." (*See* JA 122). She did not present the argument she is only now making in her Brief.

This Court "adheres to a well-established principle that it is inappropriate for an appellate court to consider a contention raised on appeal that was not initially presented to the district court." *Sanborn v. Postmaster Gen. of U.S.*, 431 Fed. Appx. 188, 191 (3d Cir. 2011) (citations omitted and quoting another source). As noted by the Court in *U.S. v. Dupree*, 617 F.3d 724, 728 (3d Cir. 2010),

> "[a] fleeting reference or vague allusion to an issue will not suffice to preserve it for appeal[.]"

> *In re Ins. Brokerage Antitrust Litig.,* 579 F.3d
> 241, 262 (3d Cir. 2009). Rather, a party "must
> unequivocally put its position before the trial
> court at a point and in a manner that permits the
> court to consider its merits." *Shell Petroleum, Inc.
> v. U.S.,* 182 F.3d 212, 218 (3d Cir. 1999).

The raise-or-waive rule is essential to the proper functioning of our

adversary system because even the most learned judges are not

clairvoyant. *Id.* (*citing U.S. v. Nee,* 261 F.3d 79, 86 (1st Cir. 2001)).

District judges are not required to anticipate and join arguments never

raised by the parties. *Id.* (*citing U.S. v. Griffiths,* 47 F.3d 74, 77 (2d Cir.

1995)). Instead, courts rely on the litigants not only to cite precedents,

but also to frame the issues for decision. *See id.* Accordingly, the Court

should not now consider Trotter's argument.

> **2.  The District Court was not required to conduct a
> choice of law analysis in deciding the *forum non
> conveniens* Motion.**

Although Trotter's untimely choice of law argument should not be

considered, it nonetheless fails. In *Cruz v. Maritime Co. of Philippines*,

702 F.2d 47, 48 (2d Cir. 1983), the Second Circuit addressed the issue

and held that "maritime choice of law principles are not involved in a

forum non conveniens analysis," so it is unnecessary to decide whether

U.S. or foreign law applies before dismissing in favor of an alternate

10

forum. *Id.* A court may dismiss due to *forum non conveniens* without first deciding if the case warrants application of U.S. law. *Id.*

*Cruz* fully follows the Supreme Court's decision in *Piper*, 454 U.S. at 249-52. In *Piper*, the Court considered the application of the *forum non conveniens* doctrine to a negligence and strict liability action relating to an airplane crash in Scotland. The lower court in *Piper* held that a *forum non conveniens* dismissal was improper whenever the law of the alternative forum was less favorable than the law of the forum chosen by the plaintiff. The Court held a choice of law analysis was unnecessary before determining whether a case should be dismissed on *forum non conveniens* grounds. *Id.* at 249; *see Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 432 (2007).

Ms. Trotter, however, cites several decisions to support her position that Jones Act jurisdiction bars a *forum non conveniens* dismissal, namely *Zipfel v. Halliburton Co.,* 832 F.2d 1477 (9th Cir. 1987), *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 289 (5th Cir. 1984); *Needham v. Phillips Petroleum Co. of Norway,* 719 F.2d 1481, 1483 (10th Cir. 1983); and *Szumlicz v. Norwegian American Lines, Inc.,* 698 F.2d 1192, 1195 (11th Cir. 1983).

11

But *Nicol*, 743 F.2d 289, is no longer binding law within the Fifth Circuit because it was expressly overruled on this very issue. *See In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147, 1163–64 n.25 (5th Cir. 1987), *vacated on other grounds sub nom. Pan American World Airways Inc. v. Lopez,* 490 U.S. 1032 (1989). The court held that the breadth of *Piper*'s command that courts should not give conclusive or even substantial weight to the possibility of a change in substantive law precluded an exception for Jones Act cases. *Id.* Now, choice of law is just one of the many considerations in the *forum non conveniens* analysis and is not alone determinative.

None of the other courts Trotter cites attempt to reconcile their decisions with the *Piper* Court's holding that choice of law is not dispositive in a *forum non conveniens* motion.

Moreover, the rationale for conducting a choice of law analysis found in these decisions is no longer valid given recent changes to the Jones Act. In *Zipfel,* 832 F.2d 1477, the district court dismissed on grounds of *forum non conveniens* a claim under the Jones Act, 46 U.S.C. § 30104, filed on behalf of an American seaman and foreign seamen killed in an air crash in Indonesia. Reversing as to the American seaman, the

12

appellate court held that in Jones Act cases a court must first make a choice of law determination before dismissing for *forum non conveniens.* *Id.* at 1482. Although the court decided that foreign law applied to the claims of the foreign seamen, it was conceded that American law (the Jones Act) applied to the claim on behalf of the deceased American seaman. The court concluded this foreclosed dismissal as to the American for *forum non conveniens* because the Jones Act had a specific venue provision. *Id.* at 1487.

In 2008 Congress deleted the Jones Act's venue provision. Pub.L. No. 110–181, § 3521(a), 122 Stat. 3, 596 (2008) (codified as amended at 46 U.S.C. § 30104). Therefore, the rationale for foreclosing dismissal in *Zipfel,* and the other decisions cited by Trotter, is no longer valid. Consequently, the district court was correct in proceeding with the *forum non conveniens* analysis without first determining choice of law.

### 3.    The law of the BVI applies.

A choice of law analysis nonetheless shows BVI rather than U.S. law applies. (*See* JA 172-175, Defs.' Reply to Pl.'s Resp. to Defs.' Mot. to Dismiss). The Court may consider the analysis and affirm the decision. *See Nicini v. Morra,* 212 F.3d 798, 805 (3d Cir. 2000) (en banc) (noting

that the Court may affirm on any basis supported by the record); *Guthrie v. Lady Jane Collieries, Inc.,* 722 F.2d 1141, 1145 n.1 (3d Cir. 1983) ("An appellate court may affirm a result reached by the District Court on different reasons, as long as the record supports the judgment."); *see generally Helvering v. Gowran,* 302 U.S. 238, 245 (1937) (holding "that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason").

To determine the applicable law, courts considers the following choice of law factors: (1) the place of the wrongful act; (2) the flag under which the ship sails; (3) the allegiance or domicile of the injured party; (4) the defendant shipowner's allegiance; (5) the place of the contract between the injured party and the shipowner; (6) the accessibility of a foreign forum; (7) the law of the forum; and (8) the shipowner's base of operations. *See Hellenic Lines v. Rhoditis,* 398 U.S. 306, 308-09 (1970) (citing *Lauritzen v. Larsen,* 345 U.S. 571, 583-92 (1953)).

The choice of law factors application is not a mechanical one in which the Court simply counts the relevant contacts; instead, the significance of each factor must be considered within the particular context of the

claim and the national interest that might be served by application of U.S. law. *See Rhoditis,* 398 U.S. at 308-09. The place of the wrongful act and the allegiance or domicile of the injured are less important in the shipping context. *See, e.g., Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1121 (5th Cir. 1995); *see also Phillips v. Amoco Trinidad Oil Co.,* 632 F.2d 82, 85 (9th Cir. 1980) (noting that "[c]ourts have also indicated that particular factors will merit varying degrees of consideration from case to case. Factors that have little significance in one factual setting may warrant greater weight in another."); *Warn v. M/Y MARIDOME*, 169 F.3d 625, 629 (9th Cir. 1999) (noting that a base of operations in the U.S. standing alone is insufficient to apply the Jones Act).

For example, in *Phillips*, 632 F.2d 82, the court held Trinidadian law rather than U.S. law applied despite: (1) the drilling rig where the accident took place was documented under U.S. law, (2) the rig flew the U.S. flag, (3) its owner was based in the U.S., and (4) its U.S. offices were involved in monetary and controlling the rig's overall operation. The court reasoned that Trinidad had a strong interest in the conduct of off-shore drilling operation, which it had licensed and where workers involved were Trinidad nationals whose employment never took them

15

beyond its territorial boundaries. The court also noted that the day-to-day drilling operation was conducted and supervised by Trinidad staff.

A balancing of the choice of law factors shows that BVI rather than U.S. law applies here:

**(1) Place of the alleged wrongful act.** The alleged accident occurred on the property of the Scrub Island Resort, Spa and Marina in the BVI. (JA 225, Capt. Calot Aff. at ¶¶3-5 and 11). Ms. Trotter received medical treatment at a BVI hospital. (JA 57, Capt. Calot Aff. at ¶13). Accordingly, the location of the accident implicates the BVI's regulatory interests in applying its law to this accident and weighs in favor of dismissal. *See Neely v. Club Med Mgmt. Servs., Inc.*, 63 F.3d 166, 191-192 (3d Cir. 1995).

**(2) Law of the flag.** The "law of the flag" is the only factor considered to be potentially dispositive on choice of law. *See Warn*, 169 F.3d at 629. Ships plying international waters are transitory, but the flag state is the sovereign which licenses the vessel. *See Lauritzen,* 345 U.S. at 584-86. *Lauritzen* recognizes that comity and a respect for the sovereignty of other nations requires the law of the sovereign whose flag the vessel flies to be acknowledged and be given effect by all courts of

this country. The *Olga* was a BVI flagged vessel. (JA 54, Gonzalez Aff. at ¶4).[1] This factor, therefore, weighs against applying U.S. law to this controversy.

**(3) Plaintiff's allegiance or domicile.** Ms. Trotter alleges she is domiciled in the U.S., but she accepted employment aboard a BVI flagged vessel, owned by a BVI company, and operating out of the BVI.

**(4) Shipowner's allegiance.** 7R Charters, Ltd., which owns the *Olga*, is a BVI company. (JA 56, Capt. Calot Aff. at ¶1; *see also* JA 54, Gonzalez Aff. at ¶7).

**(5) Place where the contract of employment was made.** The contract was entered into in the U.S. for work aboard a BVI flagged vessel, owned by a BVI company, and operating out of the BVI.[2]

**(6) Accessibility of foreign forum.** BVI courts are accessible to hear Trotter's claim. (JA 59-67, Throp Aff.). Appellees have agreed to appear and defend any lawsuit filed by Trotter in the BVI. Although

---

[1]    Registration of a vessel in a particular country is equivalent to "flagging" the vessel. *See Neely*, 63 F.3d at 210 (Sloviter, C.J., concurring). Since the *Olga* was registered in the BVI, it was required to fly a BVI flag. *Id.*

[2]    Ms. Trotter references the contract and e-mail communications regarding the same. (Appellant's Br. at 20-21). None are part of the record.

Trotter makes several allegations regarding this factor (Appellant's Br. at 23), as highlighted by the lack of any record cite, they are unsupported by the record and should be disregarded.

**(7) Law of the forum.** This factor does not support application of U.S. law; Trotter has a cause of action in the BVI for the alleged incident. (JA 59-118, Throp Aff.). Again, Trotter makes several unsupported allegations regarding BVI law which should be disregarded. (Appellant's Br. at 23-24). Unlike Appellees, Trotter submitted no affidavit or other evidence regarding BVI law. (*See, e.g.,* JA 59-67, Throp Aff.).

Moreover, the Jones Act provides a negligence cause of action for a seaman injured *in the course of employment* as a member of the crew. A seaman acts in the course of her employment if, at the time of her injury, she was doing the work of her employer under her employer's orders. *See generally Beech v. Hercules Drilling Co., L.L.C.*, 691 F.3d 566 (5th Cir. 2012). To determine whether a seaman is acting within the scope of her employment, courts examine whether the seaman, at the time of injury, was on her own personal business or was attending to the business of her employer. Ms. Trotter was not in the course of

employment at the time of her alleged accident—her reasons for being ashore at the time of her incident were not related to her employment aboard the *Olga*. (JA 224-225, Calot Aff. at ¶¶7-9); *see, e.g., Colon v. Apex Marine Corp.*, 832 F. Supp. 508 (D.R.I. 1993), *aff'd,* 35 F.3d 16 (1st Cir. 1994) (holding shipowner not liable for seaman's injuries sustained during a fight while on shore leave because he was pursuing private interests and not performing duties assigned to him).

Despite Trotter's suggestions to the contrary, shipowners are under no duty to provide seaman while on shore leave with safe means of ingress to or egress from the vessel beyond the gangway. *See Dangovich v. Isthmian Lines, Inc.*, 218 F. Supp. 235 (S.D.N.Y. 1963), *aff'd,* 327 F.2d 355 (2d Cir. 1964); *see also D'Costa v. U.S. Lines Co.*, 227 F. Supp. 180, 181 (S.D.N.Y. 1964) (noting that where a seaman returning from shore leave is injured enroute to the dock area to board his vessel, the shipowner is not liable on the ground the vessel was unseaworthy and there is no duty to warn of dangers in area beyond gangway); *see generally Paul v. U.S.*, 205 F.2d 38 (3d Cir. 1953) (finding that a shipowner does not have duty to inspect and make safe dock areas which must be traversed by seamen before reaching a public street

when such areas are not under control of shipowner). Ms. Trotter acknowledges she is asserting a claim against Appellees "for a condition on property they do not control." (Appellant's Br. at 28).

"And, contrary to [Trotter's] contention, even the sweeping non-delegable duty imposed by the Jones Act upon the employer to provide his employees with a safe place to work will permit the imputation of a third party's negligence to the employer only where there has been a breach of some contractual duty owed by the third party to the employer." *Epling v. M.T. Epling Co.*, 435 F.2d 732, 736 (6th Cir. 1970) (citations omitted).

In sum, the Jones Act and U.S. general maritime law do not apply under the facts of this case.

**(8) Base of operations.** Ms. Trotter must not only show a base of operations in the U.S. but that it is substantial. *See Vasquez v. YII Shipping Co., Ltd.*, No. 11-60248-CIV, 2012 WL 6114840, at *2 (S.D. Fla. Dec. 10, 2012), *aff'd*, 559 Fed. Appx. 841 (11th Cir. 2014). "Whether a base of operations is 'substantial' hinges on an examination of the totality of the circumstances." *Id.* The *Olga's* base of operations is the BVI, and the alleged incident took place in the BVI. (*See* JA 54,

Gonzalez Aff. at ¶5; JA 225, Capt. Calot Aff. at ¶¶3-5 and 11). Neither 7R Charters Limited nor the *Olga* operate any charters out of or into the U.S. Virgin Islands. (JA 54, Gonzalez Aff. at ¶5; JA 56, Capt. Calot Aff. at ¶4).

These connections give rise to an interest by the BVI in applying its law to the incident. Given the totality of the circumstances, it cannot be said that Appellees maintain a substantial base of operations in the U.S. Virgin Islands.

Ms. Trotter alleges the *Olga's* operations were not based out of the BVI, and the vessel travelled to the U.S. Virgin Islands regularly. (Appellant's Br. at 21). Similarly, Trotter claims the *Olga's* base of operation shifted from the BVI to the U.S. Virgin Islands, had significant operational contacts with the U.S., and engaged in marketing to American tourists. (*Id.*). There is *no* record support for these allegations.

In sum, the factors weigh against applying U.S. law and favor application of BVI law.

### C.    The District Court correctly found that the BVI is an adequate alternative forum.

In determining whether the alternative forum is adequate, the court considers two factors: (1) whether the defendant is amenable to process there; and (2) whether the other forum's legal or procedural requirements would prevent the plaintiff from litigating her claims. *See Piper*, 454 U.S. at 254 n.22. This test is not a high hurdle.

Ms. Trotter contends the District Court erred in finding the BVI is an adequate alternative forum because Appellees purportedly did not stipulate to service of process in the BVI. (Appellant's Br. at 26). But Trotter conceded to the District Court that Appellees had stipulated to accept service of process in the BVI! (*See* JA 123, Opp'n to Mot. to Dismiss). Ms. Trotter should not be allowed to take a contrary position at this time. *See Sanborn*, 431 Fed. Appx. at 191; *Dupree*, 617 F.3d at 728. Nonetheless, a defendant's agreement to submit to the jurisdiction of the foreign forum will generally satisfy the requirement that the defendant be amenable to process there. *See DiRienzo v. Philip Servs. Corp.*, 232 F.3d 49, 57 (2d Cir. 2000), *vacated in part on other grounds*, 294 F.3d 21 (2d Cir. 2002).

22

Next, Trotter asserts Appellees failed to provide the District Court with any proof that the BVI provides for litigation of the subject matter of the dispute or that the BVI offers redress for Trotter's injuries. (Appellant's Br. at 28-29). Mr. Thorp, an attorney in the BVI, opines that based on the allegations, the BVI courts will assume jurisdiction and will provide remedies if Trotter proves her case. (JA 59-66, Thorp Aff.). As Thorp affirmed in his Affidavit, the BVI courts are part of the Court System of the Eastern Caribbean Supreme Court, which has rules of civil procedure governing civil matters, such as Trotter's claim. (JA 59-66, Thorp Aff.). According to BVI law, jury trials are available in some civil actions and all criminal actions. (JA 177-223, Jury Act, 1914, 19 & 20 Geo., c. 36). The BVI bases its legal system on the common law of the United Kingdom, with courts of appeal (JA 10-11, Op.). The BVI recognizes a claim of negligence and the common-law defenses to it. (JA 11-12, Op.). Ms. Trotter presented no opinion to the contrary.

Further, U.S. courts have previously found the BVI to be an adequate forum. *See, e.g., Saud v. PIA Investments Ltd.*, No. 07 CIV. 5603 (NRB), 2007 WL 4457441, at *3 (S.D.N.Y. Dec. 14, 2007).

Nothing in the record would have required the District Court to conclude the BVI was an inadequate forum. Because it was no abuse of discretion for the District Court to treat the BVI as an adequate alternative forum, the District Court was entitled to proceed to the highly discretionary exercise of balancing the relevant private and public interest factors.

### D.    The District Court accorded Trotter's choice of forum considerable deference.

It is not disputed that a plaintiff's choice of forum is entitled to deference. It is also beyond dispute that the District Court granted Trotter's choice of forum "considerable deference" because that is precisely what the District Court said it did: "As such, her choice is entitled to 'great deference.'" (JA 15, Op. (citations omitted); *see also* JA 24)). At the same time, the District Court also correctly found that nearly all of the facts giving rise to the Complaint occurred in the BVI and not in her chosen forum of the U.S. Virgin Islands. *See Eurofins*, 623 F.3d at 161 n.15 (affirming decision dismissing domestic plaintiff's contract claim against French entities, despite district court's failure to specify the level of deference, where court found that "the plaintiffs'

choice of a Delaware forum is far outweighed by the burdens that a Delaware forum would impose").

Ms. Trotter argues it is not enough that the District Court accorded its choice of forum considerable deference, suggesting the Third Circuit requires a detailed analysis of the District Court's deference to plaintiff's choice of forum (Appellant's Br. at 30-31), and that, rather than perform this analysis, the District Court merely restated the rules pertaining to deference. (*Id.*). This claim is both legally and factually wrong.

As a legal matter, a district court is required only to consider adequately and determine the amount of deference due. *See Windt*, 529 F.3d at 189. This is exactly what the District Court did. Contrary to Trotter's claim, there exists no further requirement to provide a detailed analysis regarding that conclusion. But, as a factual matter, the District Court undertook precisely the detailed analysis Trotter claims is required. The District Court explained that it concluded that Trotter's choice of forum was entitled to considerable deference, but after considering the private and public interest factor, "these interests

simply outweigh Trotter's interest in proceeding in the forum of her choice." (JA 24-25, Op.).

Ms. Trotter's next line of attack is to suggest that no deference was apparent in the District Court's holding. (Appellant's Br. at 31). This argument is an effort to end-run the abuse of discretion standard. Ms. Trotter's true objection is not with the amount of deference accorded its chosen forum (which is the maximum amount that could be accorded to it), but with the District Court's conclusion that the factors addressed in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), were sufficient to outweigh such deference. That conclusion has nothing to do with the deference accorded Trotter's choice of forum.

In the end, the District Court gave Trotter's forum choice considerable deference. This is all that is required under the law, and the District Court acted within its discretion in making this determination. A "citizen's forum choice should not be given dispositive weight." *Piper*, 454 U.S. at 255 n.23. Indeed, "dismissal should not be automatically barred" even "when a plaintiff has filed suit in his home forum." *Id*. Rather, and "[a]s always, if the balance of conveniences

suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Id.*

**E.    The District Court acted reasonably in concluding that the private and public interest factors directed dismissal on the basis of *forum non conveniens*.**

Courts must consider the private and public interest factors enunciated by the Supreme Court in *Gilbert*, 330 U.S. at 508, to determine whether the balance tips decidedly in favor of trial in the foreign forum. *See Windt*, 529 F.3d at 192. If the District Court considers these private and public factors, and its balancing of them is "reasonable," its decision should be affirmed. *See Piper*, 454 U.S. at 257; *Windt*, 529 F.3d at 189. The District Court's ruling meets this standard.

The District Court properly weighed the public and private factors and, in exercising its discretion, concluded that trial in Trotter's chosen forum would be oppressive and inconvenient to Appellees out of all proportion to Trotter's convenience. (JA 25, Op.). There is no basis to disturb that ruling.

**1.    The District Court's analysis of the private interest factors was correct.**

The District Court properly identified the private interest factors to be considered. The District Court applied the following private factors:

27

> The relative ease of access to sources of proof;
> availability of compulsory process for attendance
> of the unwilling; and the cost of obtaining
> attendance of the willing, witnesses; possibility of
> view of premises, if view would be appropriate to
> the action, and all other practical problems that
> make trial of a case easy, expeditious and
> inexpensive.

(JA 16, Op.); *see Gilbert*, 330 U.S. at 508.

Of "primary importance" in any *forum non conveniens* analysis is the access of the parties to evidence for trial. *See Auxer v. Alcoa, Inc.*, 406 F. App'x 600, 604 (3d Cir. 2011). The vast majority of the material sources of proof relevant to Trotter's claim are in the BVI, where the alleged incident occurred. The District Court considered the evidence that will be necessary to adjudicate Trotter's claim and concluded that many of the witnesses are in the BVI. (JA 19-20, Op.). Specifically, the District Court found that Scrub Island Resort, Spa & Marina employees and the doctors at Peebles Hospital in the BVI will have information relevant to the claim. (*Id.* at 20). The District Court also found that most of the other potential witnesses relevant to the dispute do not have any connection to the U.S. Virgin Islands, but point to the BVI. (*Id.*). Potential third party defendant, Scrub Island Resort, Spa & Marina, is in the BVI. And the location of the incident was in the BVI. In sum, the

District Court found that little, if any, evidence is likely to be found in the U.S. *Cf. Delta Air Lines, Inc. v. Chimet, S.p.A.,* 619 F.3d 288, 300 (3d Cir. 2010) (holding that "the District Court did not abuse its discretion in determining that access to evidence and the availability of witnesses weighed in favor of dismissal" in favor of Italy, when most of the documentary evidence was in Italy and when third-party witnesses residing in Italy would need to be deposed).

Also, the court noted that the rules of the BVI "provide means by which the parties may compel the attendance of witnesses at trial" and "at depositions, with leave of the High Court." (JA 10, Op.). Further, the district court found that "[u]pon obtaining a money judgment, a party may enforce it in several ways, including by a writ of execution or by attachment." (*Id.* at 11; *see also* JA 65, Thorp Aff. at ¶27). Nonetheless, as Appellees have agreed to submit to BVI jurisdiction, this factor should be interpreted in favor of dismissal.

Moreover, given the District Court's findings, carrying out the action in the BVI would lead to reduced costs and facilitate scheduling. It is axiomatic, despite Trotter's suggestion to the contrary, that the cost of obtaining the attendance of willing witnesses would be reduced if this

29

action were pursued in the BVI since most of the witnesses reside in that country. Compelling BVI witnesses to testify in U.S. Virgin Islands would not be possible because the witnesses are beyond the District Court's jurisdiction and even persuading them to come to would require a herculean effort that would significantly increase litigation cost. (*Id.* at 20). As the Supreme Court recognized, "to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." *Gilbert*, 330 U.S. at 511.

Furthermore, Trotter argues the District Court failed to consider evidence she would need to establish causation, damages and the need for expert testimony. (*See* Appellant's Br. at 41-42 at b. – b. compared to JA 128-130, Opp'n to Mot. to Dismiss). These first time arguments should be disregarded. (*Id.*). *See Sanborn*, 431 Fed. Appx. at 191; *Dupree*, 617 F.3d at 728. Similarly, Trotter makes several arguments not supported by record evidence which should also not be considered (*see, e.g.,* Appellant's Br. at 34-35, 40, 44-45, 50: airline flight durations, travel costs, current residences of witnesses, solicitation of U.S. business, and time vessel spent in the U.S. Virgin Islands). *See U.S. v.*

*Calderon-Lopez*, 268 Fed. Appx. 279, 293 (5th Cir. 2008) (noting that argument on appeal must be supported by the record evidence).

Given the potentially limitless number of private interests (and similarly public interests), it is virtually always possible for a reviewing court to identify additional interests that a district court might have considered. District court *forum non conveniens* rulings would possess very little finality if they could be overturned on appeal by second-guessing the district court's decision to limit itself to a particular set of interests, especially where those interests mirror precisely the factors the Supreme Court has explicitly enumerated.

In sum, the private interests are not in equipoise, they weigh in favor of dismissal to a BVI forum.

> **2.    The District Court did not abuse its discretion in concluding that, on balance, the public interest factors favored a BVI forum.**

The District Court also properly considered the public factors set forth by the Supreme Court in *Gilbert*:

> any administrative difficulties for the court resulting in congestion, the "local interest in having localized controversies decided at home," the interest of having a foreign court apply its own law and concomitant avoidance of problems regarding the application of foreign law, and "the

31

> unfairness of burdening citizens in an unrelated
> forum with jury duty."

(JA 17, Op.). The District Court did not abuse its discretion in recognizing these factors, on balance, pointed to the BVI. Ms. Trotter quibbles that the District Court should have weighed the jurisdictions' competing interests more to her liking (Appellant's Br. 46-51), but she fails to establish an abuse of discretion.

No significant relationship exists between the parties or the act in U.S. Virgin Islands. In contrast to the BVI, the U.S. Virgin Islands would have no interest in a case where Trotter was injured in a BVI resort, while employed on a BVI flagged vessel, owned by a BVI company, docked in a BVI port, and treated in a BVI hospital. *See generally Van Cauwenberghe*, 486 U.S. at 528 (noting that in evaluating the public interest factors the district court must "consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum.").

At most, Trotter contends only that, in her view, various factual considerations favoring the U.S. Virgin Islands outweigh the factual considerations tipping towards the BVI. But if the District Court balances these factors in a "reasonable" way, it enjoys complete

32

discretion in deciding whether to dismiss. *See Piper*, 454 U.S. at 257*; see also Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 879 (3d Cir. 2013) (district court did not abuse its discretion in finding that public factors favored dismissal). Here, the District Court thoroughly and reasonably weighed the various competing considerations, including those presented by Trotter. Thus, it neither abused its discretion, nor "clearly err[ed]" in weighing the relevant factors. *Windt*, 529 F.3d at 189; *Kisano*, 737 F.3d at 879 (district court "correctly noted that not every public interest factor need weigh in favor of dismissal").

Appellees did not need to prove that each of the *Gulf Oil* factors weighs in their favor. *See Van Cauwenberghe*, 486 U.S. at 528-29. For example, not every *forum non conveniens* opinion must dwell on concerns about court congestion. *See Eurofins*, 623 F.3d at 162-63; *Windt*, 529 F.3d at 192-94. Refraining from making an argument about court congestion does not mean this factor favors Trotter. *See Chimet*, 619 F.3d at 300 (the lack of "administrative difficulties" was a neutral factor). And Trotter did not even address the factor in her opposition papers. (JA 119-139, Opp'n to Mot. to Dismiss). Here, there was no abuse of discretion in focusing on more relevant factors.

Moreover, the District Court's finding that the uncertainty about which law to apply, by itself, favors dismissal is not erroneous. For, as the Court in *Piper* explained, "[t]he doctrine of *forum non conveniens* . . . is designed in part to help courts avoid conducting complex exercises in comparative law." *Piper*, 454 U.S. at 251. To this end, the public factors favor dismissal when litigating an action in a forum would require the District Court to "untangle problems in conflicts of laws, and in law foreign to itself." *Id.*[3]

The District Court further found that, because the BVI has the closest ties to this action, keeping this action in the U.S. Virgin Islands threatens to improperly burden U.S. Virgin Islands jurors with the need to resolve a matter not affecting their community. The District Court found this factor also weighs strongly in favor of dismissal. U.S. Virgin Islands citizens have no interest in an injury that occurred at a BVI resort and the only connection to the U.S. Virgin Islands is that Trotter boarded the vessel there.

***

---

[3]    And as noted *supra*, a choice of law analysis confirms the law of the BVI applies.

As required by Supreme Court and Third Circuit law, the District Court considered all relevant private and public interest factors. After doing so, it concluded those factors pointed toward a forum in the BVI. The District Court's "balancing of these factors" was "reasonable," and its decision therefore "deserves substantial deference." *Id.* at 257. Because the District Court did not commit a "clear abuse of discretion," its decision should be affirmed. *Id.*

> **F.    The issue is whether Appellees provided the District Court with enough information to balance the parties' interests, not whether their proof was specific, and Trotter has not shown that the District Court did not have enough information.**

Ms. Trotter repeatedly reminds this Court that the party moving for dismissal under the doctrine *of forum non conveniens* bears the burden of proof. She insists the District Court failed to hold Defendants to their burden of proof, that Defendants had the burden to provide enough information, that they failed to discharge their burden of proof, and she suggests the District Court failed to appreciate this.

Ms. Trotter cannot plausibly contend the District Court did not know who had the burden of proof. The court's Opinion plainly stated "the defendant bears the burden of persuasion on all elements of the *forum*

*non conveniens* analysis." (JA 8, Op.). The District Court knew precisely who had the burden of proof. Ms. Trotter simply does not agree with the District Court that Appellees met that burden. But the burden of proof in the trial court is no longer the point. What matters now is the standard of review on appeal.

That standard of review does not call for the Court of Appeals to evaluate how it would have decided the issue in the first place, or whether it would find that Appellees met their burden of proof. Nor does it call for the Court of Appeals to decide whether the District Court was too easily persuaded. The inquiry now is whether the District Court reached a conclusion so outrageous that *no* reasonable person might agree with it:

> Under the "abuse of discretion" standard of review, the relevant inquiry is not how the reviewing judges would have ruled if they had been considering the case in the first place, but rather, whether *any* reasonable person could agree with the district court.

*Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, 563 (7th Cir. 1984) (emphasis in the original).

Indeed, in *Piper,* the Supreme Court reversed the court of appeals for precisely this reason. There, the appellate court had acknowledged

"that the standard of review was one of abuse of discretion." 454 U.S. at 257. But it had then "lost sight of this rule, and substituted its own judgment for that of the District Court." *Id.* That was improper. In short, this is not a *de novo* review as Trotter seems to imply. *See* § 3828.5 Forum Non Conveniens—Forum Selection Clauses; Erie Doctrine; Appellate Review, 14D Fed. Prac. & Proc. Juris. § 3828.5 (4th ed.) (noting that the scope of review of the action of the district court on a *forum non conveniens motion* is very narrow and "ordinarily an appellate court must affirm if the district court's decision was not unreasonable or arbitrary, even though the appellate court might itself have given different weights to some of the factors").

Furthermore, the Supreme Court has rejected the contention that the detailed proof Trotter urges this Court to require "is not necessary":

> The Court of Appeals found that the problems of proof could not be given any weight because [defendants] failed to describe with specificity the evidence they would not be able to obtain if trial were held in the United States. It suggested that defendants *seeking forum non conveniens* dismissal must submit affidavits identifying the witnesses they would call and the testimony these witnesses would provide if the trial were held in the alternative forum. *Such detail is not* necessary.

37

*Piper,* 454 U.S. at 258 (emphasis added); *see also Van Cauwenberghe,* 486 U.S. at 529 (a *forum non* "inquiry does not necessarily require extensive investigation, and may be resolved on affidavits presented by the parties"). All that the defendant must provide is enough information for the district court to balance the parties' interests; it "need not submit overly detailed affidavits to carry its burden." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d at 1164. Consistent with these principles, courts routinely resolve *forum non conveniens* motions with no discovery having been conducted. *See*, *e.g.*, *Europe and Overseas Commodity Traders, S.A. v. Banque Paribas London*, 147 F.3d 118, 120 (2d Cir. 1998) (affirming *forum non conveniens* dismissal "prior to any discovery").

Notably, although Trotter repeatedly complains that Appellees' evidence was not specific, she does not argue the District Court lacked the information to balance the parties' interests. The District Court certainly thought it had enough information to conduct that balancing; Trotter simply does not like the balance it struck.

Moreover, Trotter's continued efforts at this juncture to reference inadmissible materials not part of the record on appeal should be

disregarded. (*See, e.g.,* Appellant's Br. at 55 (*Real Housewives* TV show), 56 Capt. Calot's social media pages; *see also* Appellees' Resp. in Opp.'n to Appellant's Mot. Requesting Judicial Notice in Support of Appeal addressing the inadmissibility of the evidence Trotter seeks to supplement the record with at this time). As noted in Appellees' Response in Opposition to Appellant's Motion Request Judicial Notice in Support of Appeal, her attempts to cast these materials as having just materialized are disingenuous. For example, the *Real Housewives* episode she seeks to supplement the appellate record with aired in 2010, several years before suit was filed. These materials which she seeks to introduce existed during the pendency of the District Court proceedings and she could have tried to raise them to the District Court if she thought them relevant to the analysis. Ms. Trotter, however, failed to do so and cannot do so at this moment.

The opinion of the court below identifies evidence offered by Appellees to sustain their burden of proof. This was not an erroneous assignment of the burden. Rather, this was recognition of the fact that after the burden of proof had been met by Appellees, Trotter failed to offer any admissible contradictory evidence.

## Conclusion

The order of the District Court should be affirmed.


Respectfully submitted,

Dated: Oct. 25, 2016        By: <u>s/ Michael Dono</u>
                            Michael Dono

## Combined Certifications

Pursuant to Third Circuit Rules 31.1(c) and 46(e), I certify the following:

1.    I am admitted to the Bar of this Court.

2.    This Brief complies with the length limitations set forth in Federal Rule of Appellate Procedure Rule 32(a)(7)(B)(ii) because it contains 8159 words, as counted by Microsoft Word, excluding the items that may be excluded under Federal Rule 32(a)(7)(B)(iii).

3.    Pursuant to Federal Rule of Appellate Procedure 25, I certify that on October 25, 2016, I filed this Brief with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system. Those participants in the case that are registered CM/ECF users will be served by the appellate CM/ECF system.

4.    The text of the electronic version of this Brief is identical to the text of the paper copies filed with the Court.

5.    McAfee VirusScan Enterprise + AntiSpyware Enterprise v. 8.0 was run on the electronic file of the Brief. No viruses were detected.


Respectfully submitted,

Dated: Oct. 25, 2016          By: s/ Michael Dono
                              Michael Dono
                              Florida Bar No.: 576492

                              Jennifer Quildon Miller
                              V.I. Bar No. 1109
                              HAMILTON, MILLER & BIRTHISEL, LLP
                              Attorneys for Appellees
                              150 Southeast Second Avenue, Suite 1200
                              Miami, Florida 33131
                              Tel. 305-379-3686
                              Fax 305-379-3690
                              mdono@hamiltonmillerlaw.com
                              jmiller@hamiltonmillerlaw.com